[No. 18299. Department Two.—September 29, 1894.]

## CHARLES T. TOON, Respondent, v. MARY HUBERTY, Alias MARY TOON, Appellant.

Marriage—Declaration Under Code—Agreement Not to Live Together.—Where a man and woman united in a declaration of marriage, conforming in all respects to the requirements of section 75 of the Civil Code, which was duly witnessed, acknowledged, and recorded, but, prior to and at the time of making the declaration, it was expressly and mutually agreed between the parties that they should never assume any marital rights, duties, or obligations, and should not cohabit as husband and wife, but should live separate and apart from each other, and they thereafter lived separate and apart and independent of each other, such declaration of marriage does not constitute a valid marriage between the parties.

Id.—Effect of Consent.—Consent alone does not constitute marriage under the Civil Code, but must be followed by solemnization, or by a mutual assumption of marital rights, duties, or obligations.

Id.—Solemnization of Marriage—Construction of Code.—The signing, acknowledging, and recording of the declaration of marriage provided for by section 75 of the Civil Code is not a solemnization of marriage under the provisions of the code.

APPEAL from a judgment of the Superior Court of Calaveras County.

The facts are stated in the opinion of the court.

*Snyder & Snyder,* and *Colin Campbell,* for Appellant.

*Paul C. Morf,* for Respondent.

Beatty, C. J.—This is an action to obtain a decree adjudging and declaring that the plaintiff and defendant never were and are not husband and wife, and for the cancellation of a declaration of marriage. The defendant made default, and the court made and entered its judgment and decree in accordance with the prayer of the complaint. From this decree the defendant appeals, and the only question to be determined is whether the complaint makes a case for the relief granted.

Appellant contends that the facts alleged in the complaint constitute a valid marriage. It appears that the parties united in a declaration of marriage conforming in all respects to the requirements of section 75 of the Civil Code, which was duly witnessed, acknowledged, and recorded. But prior to and at the time of making said declaration it was expressly and mutually agreed by the parties that they should never assume any marital rights, duties, or obligations, and should not cohabit as husband and wife, but should live separate and apart from each other, and they have ever since lived separate and apart and independent of each other.

Consent alone does not constitute marriage; it must be followed by solemnization or by a mutual assumption of marital rights, duties, or obligations. (Civ. Code, sec. 55.)

It is conceded that in this case there was never any assumption of marital rights, duties, or obligations, but appellant contends that the signing, acknowledging, and recording of the declaration of marriage was solemnization. The statute will not, in our opinion, bear this construction. (Civ. Code, secs. 68–79.)

On the facts alleged and found there was no marriage. Judgment affirmed.

McFarland, J., and De Haven, J., concurred.